UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOSE ALVARADO,<br><br>    Plaintiff,<br> v.<br><br>CAMMILLA WAMSLEY et al.,<br><br>    Defendant. | CASE NO. 2:25-cv-02375-DGE-BAT<br><br>ORDER ON PETITIONER'S MOTION FOR A TEMPORARY RESTRAINING ORDER (DKT. NO. 1) |

On November 25, 2025, Petitioner filed an emergency petition for writ of habeas corpus, a motion for temporary restraining order ("TRO"), and a motion for stay of removal. (Dkt. No. 1.) Petitioner seeks to restrain Respondents from removing him from the United States. (*Id.* at 12.) Petitioner alleges he has been in ICE detention since August 2025. (*Id.* at 7.) Among other things, Petitioner asserts he has been denied a credible fear interview in violation of 8 U.S.C. § 1225 and identifies he has been informed he will be removed immediately.[1] (*Id.* at 6–9.)

---

[1] The motion indicates Petitioner was informed his removal would occur at 2:00 a.m. on November 25, 2025. (Dkt. No. 1 at 2.) It is unclear at this time whether removal occurred.

ORDER ON PETITIONER'S MOTION FOR A TEMPORARY RESTRAINING ORDER (DKT. NO. 1) - 1

It is unclear from the docket whether Petitioner has served the Petition and the motion for TRO on the Respondents. However, the docket appears to indicate notice of these proceedings has been sent to Respondents via the "US Attorney Habeas" email at usawaw.Habeas@usdoj.gov.

The Court may grant a TRO to preserve the Court's jurisdiction and to maintain the status quo. *See A.A.R.P. v. Trump*, 605 U.S. 91, 97 (2025) (Federal courts have "the power to issue injunctive relief to prevent irreparable harm to the applicants and to preserve [] jurisdiction over the matter."); *see also United States v. United Mine Workers of Am.*, 330 U.S. 258, 293 (1947) ("[T]he District Court ha[s] the power to preserve existing conditions while it . . . determine[s] its own authority to grant injunctive relief," unless the assertion of jurisdiction is frivolous.). This is particularly so when the order is necessary to prevent action that would otherwise destroy the court's jurisdiction or moot the case. *United States v. Shipp*, 203 U.S. 563, 573 (1906).

Accordingly, the Court orders as follows:

1. Petitioner's motion for temporary restraining order (Dkt. No. 1) is provisionally granted pending Respondents' response to the motion for the purpose of maintaining the status quo while the Court reviews the merits of the motion.

2. Respondents are PROHIBITED from removing Petitioner from the United States or this jurisdiction—i.e., the Western District of Washington—without further order from this Court prior to the Court issuing a decision on the merits of the motion for a TRO.

3. Petitioner's counsel SHALL immediately serve process and a copy of this Order on Respondents. Petitioner's counsel SHALL immediately contact Respondents' counsel to provide a copy of this Order and to meet and confer on (1) a briefing

schedule for the motion for TRO and (2) whether the government will agree to a stipulated order to not remove Petitioner from the United States and to not transfer Petitioner to another facility during the pendency of this action.

4. If the Parties can agree on a briefing schedule, they SHALL file a stipulated proposed briefing schedule with the Court, along with any other stipulations the Parties may agree on for the pendency of this case. If the Parties cannot reach agreement on a briefing schedule, then Respondents SHALL respond to the motion for TRO on the schedule set by Local Civil Rule 65 once service is accomplished.

5. The Parties SHALL contact the courtroom deputy by email if they wish to schedule oral argument on the motion for TRO. The Court reserves its discretion to deny oral argument pursuant to Local Civil Rule 7(b)(4).

Dated this 25th day of November, 2025.

David G. Estudillo
United States District Judge

ORDER ON PETITIONER'S MOTION FOR A TEMPORARY RESTRAINING ORDER (DKT. NO. 1) - 3