UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOSE ALVARADO,<br><br>                 Petitioner,<br>     v.<br><br>CAMMILLA WAMSLEY, et al.,<br><br>                 Respondents. | CASE NO. 2:25-cv-02375-DGE<br><br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS (DKT. NO. 1) BY ORDERING A REASONABLE FEAR DETERMINATION |

Petitioner Jose Alvarado filed an emergency petition for habeas corpus, seeking to enjoin Respondents from removing him until the Board of Immigration Appeals ("BIA") ruled on his motion to reopen and Respondents provided him with a reasonable fear determination.  (Dkt. No 1.)  The Court temporarily stayed his removal pending briefing on the issues raised in his habeas petition.  (Dkt. Nos. 3, 16.)  Respondents filed a return memorandum, arguing that Petitioner's detention is statutorily authorized and the Court lacks jurisdiction to stay his removal.  (Dkt. No. 17.)  Having reviewed the petition (Dkt. No. 1), the return memorandum (Dkt. No. 17) and supplemental memorandum (Dkt. No. 20), the reply (Dkt. No. 24), and all supporting materials,

the Court GRANTS Petitioner's writ of habeas corpus by ordering a reasonable fear determination.

## I    BACKGROUND

### A. Factual Background

Petitioner, a citizen of Mexico, entered the United States without inspection on March 20, 1987. (Dkt. No. 19-2 at 2.) On June 18, 1996, Petitioner was issued an order to show cause and notice of hearing. (*Id.* at 2–6.) On August 16, 1996, an immigration judge ordered Petitioner removed *in absentia*. (Dkt. Nos. 19-1 at 4; 19-3 at 2.) Petitioner filed an appeal with the BIA, which was denied on February 24, 1997. (Dkt. No. 19-1 at 4.)

On January 29, 2010, Petitioner surrendered to Immigration and Customs Enforcement ("ICE") due to an outstanding warrant. (Dkt. No. 19-1 at 4.) On March 26, 2010, Petitioner filed a motion to reopen with the Seattle Executive Office for Immigration Review. (*Id.*) An immigration judge denied the motion to reopen on April 22, 2010. (*Id.*) The BIA dismissed Petitioner's subsequent appeal on July 18, 2011. (*Id.*; Dkt. No. 19-4 at 3.) On August 21, 2017, Petitioner applied for an I-246 stay of deportation. (Dkt. No. 19-1 at 4.) On June 24, 2019, Petitioner submitted an I-485 application to register permanent residence or adjust status to United States Citizenship and Immigration Services ("USCIS"). (Dkt. No. 19-5 at 2.) On February 7, 2020, USCIS denied Petitioner's I-485 application because he "was deported from the United States and [he was] not inspected, admitted, or paroled when [he] reentered the United States." (*Id.*) On August 1, 2025, USCIS denied Petitioner's I-246 stay of deportation application. (Dkt. Nos. 19-1 at 4; 19-6 at 2.)

On September 2, 2025, Petitioner filed a motion to reopen BIA jurisdiction. (Dkt. Nos. 1-4 at 3; 18 at 2.) On September 5, 2025, ICE arrested Petitioner after he reported to the Yakima

ICE office. (Dkt. No. 18 at 2.) Petitioner was subsequently transferred to the Northwest ICE Processing Center ("NWIPC"), where he remains today. (*Id.*) While at NWIPC, Petitioner informed ICE that he fears removal to Mexico. (*Id.*) On November 5, 2025, Petitioner's counsel emailed ICE Enforcement and Removal Operations ("ERO") stating Petitioner was awaiting a reasonable fear interview. (*Id.*) On November 21, 2025, USCIS "informed ERO that Petitioner was not eligible for a credible fear referral because Petitioner had gone through immigration court and a BIA appeal was pending and form I-246 Application for a Stay of Deportation or Removal was denied." (*Id.*) On November 28, 2025, Petitioner's counsel again informed ERO that Petitioner was requesting a reasonable fear interview. (*Id.*) Between December 10, 2025 and December 30, 2025, USCIS provided inconsistent information to ERO as to whether it believed it had jurisdiction to schedule Petitioner for a reasonable fear determination. On December 10, 2025, USCIS informed ERO that Petitioner could not be referred for a fear interview until after the BIA had ruled on the motion to reopen "because the BIA has jurisdiction." (*Id.* at 3.) On December 23, 2025, "USCIS stated that after reviewing the procedural history of the case that USCIS would have jurisdiction over a credible fear referral and interview." (*Id.*) USCIS concluded on December 30, 2025 that it is unable to accept jurisdiction because Petitioner has a pending motion to reopen before the BIA. (Dkt. No. 21 at 2.)

## B. Procedural Background

On November 24, 2025, Petitioner filed an emergency petition for writ of habeas corpus, motion for temporary restraining order ("TRO"), and motion for stay of removal. (Dkt. No. 1.) The Court provisionally granted Petitioner's TRO and ordered Petitioner to serve process on Respondents. (Dkt. No. 2.) On December 11, 2025, the parties requested expedited briefing on

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS (DKT. NO. 1) BY ORDERING A REASONABLE FEAR DETERMINATION - 3

the petition, and filed a stipulated motion that Respondents would not effectuate Petitioner's removal during the pendency of the action.  (Dkt. No. 15.)  The Court granted the motion.  (Dkt. No. 16.)  Respondents filed a return memorandum on December 30, 2025.  (Dkt. No. 17.)  On January 4, 2026, Respondents filed a supplement to their return memorandum.  (Dkt. No. 20.)  Petitioner filed a response on February 5, 2026.  (Dkt. No. 24.)  The Court held oral argument on February 17, 2026.  (*See* Dkt. No. 25.)

## II    LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States."  *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. CONST., Art. I, § 9, cl. 2).  To succeed on his habeas petition, Petitioner "must show [he] is in custody in violation of the Constitution or laws or treaties of the United States."  *Doe v. Bostock*, No. C24-0326-JLR-SKV, 2024 WL 3291033, at *5 (W.D. Wash. Mar. 29, 2024), *report and recommendation adopted*, No. C24-0326JLR-SKV, 2024 WL 2861675 (W.D. Wash. June 6, 2024) (citing 28 U.S.C. § 2241).  Because habeas proceedings are civil in nature, the "[p]etitioner 'bears the burden of proving that he is being held contrary to law, . . . [and] he must satisfy his burden of proof by a preponderance of the evidence.'"  *Aditya W. H. v. Trump*, 782 F. Supp. 3d 691, 703 (D. Minn. May 14, 2025) (quoting *Freeman v. Pullen*, 658 F. Supp. 3d 53, 58 (D. Conn. 2023) (citations omitted)).

## III    ANALYSIS

### A.  Petitioner's Current Detention is Authorized by 8 U.S.C. § 1231(a)

Petitioner requests a stay of removal so he has "time to present and adjudicate" his motion to reopen BIA proceedings.  (Dkt. No. 1 at 6.)  Pursuant to 8 U.S.C. § 1231(a), the Attorney General is required to detain a noncitizen during the "removal period."  8 U.S.C. § 1231(a)(2)(A).  The removal period is the 90-day period that begins on the latest of the

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS (DKT. NO. 1) BY ORDERING A REASONABLE FEAR DETERMINATION - 4

following: (i) the date the order of removal becomes administratively final; (ii) if the removal order is judicially reviewed and if a court orders a stay of the removal of the noncitizen, the date of the court's final order; or (iii) if the noncitizen is detained or confined (except under an immigration process), the date the noncitizen is released from detention or confinement.  8 U.S.C. § 1231(a)(1)(A)–(B).  Here, ICE denied Petitioner's stay of deportation application on August 1, 2025.  (Dkt. No. 19-6 at 2.)  Petitioner's 90-day removal period thus expired on or about November 1, 2025.

Following the expiration of the removal period, the Attorney General has the discretionary authority to detain certain noncitizens, including noncitizens like Petitioner who are ordered removed pursuant to 8 U.S.C. § 1182. 8 U.S.C. § 1231(a)(6) ("An alien ordered removed who is inadmissible under section 1182 of this title . . . may be detained beyond the removal period....").  But the Supreme Court has held that the Immigration and Nationality Act does not authorize "indefinite, perhaps permanent, detention" of noncitizens subject to final orders of removal.  *Zadvydas v. Davis*, 533 U.S. 678, 699 (2001).  As the *Zadvydas* Court recognized, "[a] statute permitting indefinite detention of an alien would raise a serious constitutional problem [under] . . . [t]he Fifth Amendment's Due Process Clause."  *Id.* at 690.  "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process] Clause protects."  *Id.*  The *Zadvydas* Court concluded, "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute."  *Id.* at 699.  The "presumptively reasonable" period for detention following a removal order is six months.  *Id.* at 701.

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS (DKT. NO. 1) BY ORDERING A REASONABLE FEAR DETERMINATION - 5

Petitioner entered ICE custody on September 5, 2025; thus, the six-month presumptively reasonable period will not expire until March 5, 2025.  Petitioner's detention therefore is lawful.[1] *See Zadvydas,* 533 U.S. at 701.  Should Petitioner's detention continue past the six-month presumptively reasonable period, he may file a new habeas petition and obtain review.

**B. The Court Lacks Jurisdiction Over Petitioner's Request to Stay**

Per 8 U.S.C. § 1252(g), "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or *execute removal orders* against any alien."  8 U.S.C. § 1252(g) (emphasis added).  The Supreme Court has construed § 1252(g) to apply only to those three specified actions, stressing that the statutory aim is to prevent "attempts to impose judicial constraints upon prosecutorial discretion."  *Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482, 485 n.9 (1999); *see Arce v. United States*, 899 F.3d 796, 800–01 (9th Cir. 2018) (holding that § 1252(g) is limited to the three specific *discretionary* actions).

The Ninth Circuit made clear that § 1252(g) strips district courts of jurisdiction over claims that challenge the decision to execute a removal order, notwithstanding pending applications for relief.  *See Rauda v. Jennings*, 55 F. 4th 773, 778 (9th Cir. 2022).  In *Rauda*, the Ninth Circuit held that § 1252(g) deprived the district court of jurisdiction over the petitioner's claims.  *Id.*  The petitioner in *Rauda* was a citizen of El Salvador subject to a final removal order, sought to reopen his removal proceedings, and asked the district court to enjoin the government from executing the removal order until the BIA ruled on his motion to reopen.  *Id.* at 776.  The Ninth Circuit held that § 1252(g)'s "plain language" barred the district court's jurisdiction over

---

[1] In his reply brief, Petitioner argues the immigration judge erred in concluding the immigration court lacked jurisdiction to consider releasing him on bond.  (Dkt. No. 24 at 4–5.)  However, Petitioner cites no authority to support his assertion that he was entitled to a bond hearing.

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS (DKT. NO. 1) BY ORDERING A REASONABLE FEAR DETERMINATION - 6

the petitioner's claims. *Id.* at 777–778. It reasoned that **"**[t]he execution of [the petitioner's] removal order is precisely what" he challenged, meaning to "enjoin the government from removing him—or in other words, enjoin 'action by the Attorney General to . . . execute removal orders against [him].'" *Id.* at 777 (quoting § 1252(g)).

Petitioner contends that he is not challenging Respondents' decision to initiate removal proceedings. (Dkt. No. 24 at 3.) But the execution of his removal order is precisely what Petitioner challenges here. Petitioner "asks to be allowed time to present and adjudicate the [motion to reopen] to the appropriate court or agency." (Dkt. No. 1 at 6.) "*Rauda* rejected this very same argument. The petitioner there insisted he was not challenging the removal itself but was only seeking time for the BIA to rule on his motion to reopen. *Rauda*, 55 F.4th at 777. The Ninth Circuit nonetheless concluded that the petitioner's challenge fell within § 1252(g)'s jurisdictional bar because it sought to restrain the government from executing a removal order. *Id.* at 778 (holding that § 1252(g) bars any challenge to the discretionary decision to execute a removal order "[n]o matter how [a petitioner] frames it[.]"). Moreover, the Ninth Circuit has made clear that § 1252(g)'s jurisdictional bar "does not include any temporal caveats." *Rauda*, 55 F.4th at 777. That is, "the discretion to decide *whether* to execute a removal order includes the discretion to decide *when* to do it. Both are covered by the statute." *Id.* (quoting *Tazu v. Att'y Gen. United States*, 975 F.3d 292, 297 (3d Cir. 2020)). As in *Rauda*, Petitioner's challenge here is foreclosed by § 1252(g)'s plain language.

### C. Petitioner is Entitled to a Reasonable Fear Interview

Respondents argue Petitioner is not eligible for a reasonable fear determination by USCIS because he does not meet the statutory requirements for obtaining an interview. (Dkt. No. 20 at

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS (DKT. NO. 1) BY ORDERING A REASONABLE FEAR DETERMINATION - 7

2.)  In so concluding, Respondents contend Petitioner does *not* have a reinstated order of removal under 8 U.S.C. § 1231(a)(5).  (*Id.*; *see also* Dkt. No. 21 at 2.)

Under 8 U.S.C. § 1231(a)(5) and its implementing regulations, if a noncitizen who has been ordered removed subsequently reenters the United States unlawfully, the original removal order may be reinstated by an authorized official.  *Morales-Izquierdo v. Gonzales*, 486 F.3d 484, 487 (9th Cir. 2007) (en banc); 8 C.F.R. § 241.8.  Petitioner was subject to a 1996 final order of removal.  (Dkt. No. 19-3 at 2.)  USCIS's I-485 denial letter dated February 7, 2020 indicates Petitioner was previously deported from the United States and was neither inspected, admitted, nor paroled when he reentered the United States.  (Dkt. No. 19-5 at 2.)  There is no evidence in the record that ICE officers issued a new Notice to Appear when they arrested Petitioner on September 5, 2025.  And although Respondents assert Petitioner "is not in reinstatement proceedings" (Dkt. No. 21 at 2), Respondents offer no authority to support such a conclusion.  Moreover, Respondents' counsel at the February 17, 2026 hearing was unable to identify the basis for detaining and seeking to remove Petitioner other than the 1996 reinstated order of removal.

If a noncitizen whose prior order of removal had been reinstated expresses a fear of returning to the country designated in that order, they "shall be immediately referred to an asylum officer for an interview" to determine whether the noncitizen has "a reasonable fear of persecution or torture pursuant to § 208.31."  8 C.F.R. § 241.8(e).  USCIS shall have "exclusive jurisdiction" in making a reasonable fear determination and such determination "will be conducted within 10 days of the referral."  8 C.F.R. § 208.31(a)–(b).  Thus, because Petitioner is subject to a reinstated order of removal, she is entitled to be referred to an asylum officer for a reasonable fear determination.  *See id.*; 8 C.F.R. § 241.8(e).

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS (DKT. NO. 1) BY ORDERING A REASONABLE FEAR DETERMINATION - 8

## IV    CONCLUSON

Because the Court lacks jurisdiction over Plaintiff's request to stay, the Court DISMISSES this claim.  However, the Court retains jurisdiction over Petitioner's request for a reasonable fear determination, and concludes he is entitled to such a determination.  Therefore, the Court GRANTS Petitioner's writ of habeas corpus (Dkt. No. 1) by ordering a reasonable fear determination as follows:

1.  Respondents shall refer Petitioner to an asylum officer for a reasonable fear determination as required by 8 C.F.R. §§ 241.8(e) and 208.31 within **seven (7) days** of this Order.

2.   Respondents are ENJOINED from removing Petitioner from the United States until after a reasonable fear determination has been conducted.

3.  Respondents shall file a status report within **fourteen (14) days** of this Order confirming compliance with this Order.  The status report shall detail when Petitioner was referred to an asylum officer and when the interview occurred or is scheduled to occur.

The Clerk shall enter judgment and close the case.

Dated this 18th day of February, 2026.

David G. Estudillo
United States District Judge

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS (DKT. NO. 1) BY ORDERING A REASONABLE FEAR DETERMINATION - 9