UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOSE ALVARADO,

                  Petitioner,

     v.

CAMMILLA WAMSLEY, et al.,

                  Respondents.

CASE NO. 2:25-cv-02375-DGE-BAT

ORDER ON MOTION FOR RECONSIDERATION (DKT. NO. 31)

Before the Court is Petitioner's motion for reconsideration (Dkt. No. 31) of the order denying his motion to reopen case to require bond hearing. (Dkt. No. 30).

Under Local Civil Rule 7(h)(1), motions for reconsideration are disfavored, and will ordinarily be denied unless there is a showing of (a) manifest error in the ruling, or (b) facts or legal authority which could not have been brought to the attention of the court earlier, through reasonable diligence. LCR 7(h)(1). Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). "[A] motion for reconsideration should not be

ORDER ON MOTION FOR RECONSIDERATION (DKT. NO. 31) - 1

granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Natraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009). "Whether or not to grant reconsideration is committed to the sound discretion of the court." *Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003).

Petitioner contends he previously raised the issue of a denial of a bond hearing in Petitioner's traverse. (*See* Dkt. No. 24 at 4-5.) However, this issue was not raised in Petitioner's *original* petition for writ of habeas corpus, and it seeks relief distinct from the relief originally sought. (*See* Dkt. No. 1.) "It is well-settled. . . that a habeas petitioner cannot amend his petition—much less *introduce wholly new claims*—in his reply brief." *McClellon v. Rickard*, No. 24-CV-10053 (VSB) (BCM), 2025 WL 3286917, at *10 (S.D.N.Y. June 24, 2025) (emphasis added), *report and recommendation adopted in part, rejected in part sub nom.*, No. 24-CV-10053 (VSB) (BCM), 2026 WL 686499 (S.D.N.Y. Mar. 11, 2026); *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) ("The district court need not consider arguments raised for the first time in a reply brief."); *Calderon v. Noem*, No. 2:25-CV-2136-LK-TLF, 2025 WL 3754042, at *4 (W.D. Wash. Dec. 29, 2025). The proper place for such claims is in a new petition for relief. *Cacoperdo v. Demosthenes*, 37 F.3d 504, 507 (9th Cir. 1994).

The Court does not foreclose Petitioner from bringing forth a claim regarding the denial of a bond hearing. But Petitioner is directed to raise this argument in a new petition for writ of habeas corpus. Therefore, the Court DENIES Petitioner's motion for reconsideration. (Dkt. No. 31.)

Dated this 1st day of April, 2026.

ORDER ON MOTION FOR RECONSIDERATION (DKT. NO. 31) - 2

David G. Estudillo
United States District Judge

ORDER ON MOTION FOR RECONSIDERATION (DKT. NO. 31) - 3